IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE : | * CASE NO. 09-06817 (BKT) |
| | * |
| CENTRO DIAGNOSTICO Y TRATAMIENTO | * |
| DR. CAPARROS, INC. | * CHAPTER 11 |
| | * |
|     Debtor | * |

**************************************************

SECOND AMENDED PLAN OF REORGANIZATION

DATED MARCH 28, 2012

FRANCISCO R. MOYA HUFF ESQ.
Counsel for Debtors

City Towers, Suite 404
250 Ponce De León Avenue
San Juan, Puerto Rico 00918
Tel. (787) 723-0714
Fax. (787) 725-3685
Email: moyahuff55@prtc.net

**CENTRO DIAGNOSTIC Y TRATAMIENTO DR. CAPARROS, INC.**
**SECOND AMENDED PLAN OF REORGANIZATION**

## TABLE OF CONTENTS

| | |
|---|---|
| ARTICLE I – DEFINITIONS | 3 – 7 |
| ARTICLE II – CLASSIFICATION OF CLAIMS | 7 – 9 |
| ARTICLE III – TREATMENT OF CLAIMS NOT IMPAIRED UNDER THE PLAN | 9 - 12 |
| ARTICLE IV – TREATMENT OF CLASSES THAT ARE IMPAIRED UNDER THE PLAN | 12 |
| ARTICLE V – PAYMENT TO PRIORITIES UNDER 507(a)(8) OF THE CODE | 13 |
| ARTICLE VI – MEANS FOR PLAN'S IMPLEMENTATION | 13 - 15 |
| ARTICLE VII – PROVISIONS OF THE MODIFICATION OF THE PLAN | 15 - 16 |
| ARTICLE VIII – CLOSING OF THE CASE | 16 |
| ARTICLE IX – RELEASE AND DISCHARGE OF CLAIMS | 16 – 17 |
| ARTICLE X – OTHER PROVISIONS WITH NOTES TO FINANCIAL INFORMATION | 17 – 18 |
| ARTICLE XI – THE EMERGING DEBTOR | 18 |
| ARTICLE XII – RETENTION OF JURISDICTION | 18 - 19 |
| ARTICLE XIII – CONCLUSION | 19 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              * CASE NO. 09-06817 (BKT)
                                                    *
CENTRO DIAGNOSTICO Y TRATAMIENTO                    *
DR. CAPARROS, INC.                                  * CHAPTER 11
                                                    *
     Debtor                                         *
*******************************************

**SECOND AMENDED PLAN OF REORGANIZATION
OF MARCH 28, 2012**

**CENTRO DIAGNOSTICO Y TRATAMIENTO DR. CAPARROS, INC.**, Debtors-in-Possession, proposes the following Plan of Reorganization for a 100% payment of all outstanding debts:

ARTICLE I
DEFINITIONS

For the purposes of this Plan of Reorganization, the following terms shall have the respective meanings set forth.

1. **"Administrative Creditor"** shall mean a person entitled to payment of an Administrative Expense Claim.

2. **"Administrative Expense Claim"** shall mean any Claim constituting a cost or expense of administration of the Chapter 11 proceeding allowed under 11 U.S.C. Sec. 503(b) and 507(a)(1).

3. **"Allowed Claim"** shall mean any Claim, proof of which was properly filed on or before the Bar Date set by the Bankruptcy Court, namely June 9, 2008, or if no proof of claim has been so filed, which has been or hereafter is listed as liquidated in amount and not disputed or contingent in the Debtor's schedules of assets and liabilities filed with the Bankruptcy Court (as they may be amended or supplemented from time to time according to the Bankruptcy Rules) and, in either case, a Claim to which no objection to the allowance thereof has been interposed within the applicable period of limitation (if any) fixed by the Bankruptcy Court, or about which any objection has been determined by a Final Order. Unless otherwise provided for in this Plan, "Allowed Claim" shall not include interest, costs, fees, expenses or other charges on the principal amount of such Claim from and after the Petition Date.

4. **"Allowed secured Claim"** shall mean any Allowed Claim, which is a Secured Claim and shall include in the amount thereof - unless otherwise stated in this Plan - all interest accrued on or after the Petition Date, fees, costs, and charges as may be allowed.

5. **"Bankruptcy Code"** or **"Code"** shall mean the provision of Title 11 of the United States Code, 11 U.S.C. Sections 1101 et seq., as amended from time to time.

6. **"Bankruptcy Court"** shall mean the United States Bankruptcy Court for the District of Puerto Rico, having jurisdiction over this Chapter 11 proceeding, or such other court as may be exercising jurisdiction over this Chapter 11 proceeding.

7. **"Bankruptcy Rules"** or **"Rules"** shall mean the Federal Rules of Bankruptcy Procedures, as amended from time to time.

8. **"Bar Date"** shall mean the deadline of December 28, 2009, after which any proof of claim filed will not have any effect on this Plan and will not entitle its holder to participate with other Claims under this Plan. The government bar date is February 16, 2010.

9. **"Claim"** shall mean any right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

10. **"Class"** shall mean a category of holders of Claims or Interests that is substantially similar to other claims or Interests in such Class.

11. **"Confirmation Date"** shall mean the date the Order of Confirmation in this Chapter 11 proceeding made according to the provisions of 11 U.S.C. Section 1129 becomes a Final Order.

12. **"Consummation Date"** shall mean the date by which all of the conditions precedent to consummation set forth in this Plan, shall have been met or waived.

13. **"Cramdown"** shall mean the confirmation of the Plan under the provisions of 11 U.S.C. 1129 (b).

14. **"Creditor" shall** mean any Person who has a Claim against the Debtor, which arose on or before the Petition Date or a Claim of any kind specified in 11 U.S.C. Sections 502(g), 503(h)
or 502(I).

15. **"Creditors' Committee"** shall mean the elected committee that represents the Creditors in this proceeding pursuant to 11 U.S.C. Section 705. No creditor's committee has been appointed in this case.

16. **"Debtor"** shall mean **CENTRO DIAGNOSTIC Y TRATAMIENTO DR. CAPARROS, INC.**

17. **"Disclosure Statement"** shall mean the Disclosure Statement filed by the Debtor with the Bankruptcy Court in this Chapter 11 Proceeding and dated May 12, 2010, pursuant to 11 U.S.C. Section 1125, approved by the Bankruptcy Court and distributed to

4

all Creditors and parties in Interest, according to the provisions of the Code and Rules.

18. **"Effective Date of the Plan"** shall mean thirty (30) days after the order confirmation of the plan, becomes a final order, and shall be the date on which there shall be made all initial cash payments required by the Plan.

19. **"Estate"** shall mean the Property owned by the Debtor that comprises the Chapter 11 estate of the Debtor in the above-captioned Chapter 11 proceeding.

20. **"Final Order"** shall mean an Order of the Bankruptcy Court (or other court of appropriate jurisdiction) which shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired, and about which, no appeal or petition for review or rehearing or certiorari proceeding is pending, as a result of which such Order shall have become final according to Rule 8002 of the Rules of Bankruptcy Procedure, as such Rules may be amended from time to time.

21. **"Lien"** shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on Property as is effective under applicable law as of the Petition Date.

22. **"Liquidation"** shall mean the complete liquidation of the Property of the Debtor's Estate, by a duly appointed trustee, according to the provisions of Chapter 7 of the Bankruptcy Code.

23. **"Liquidation Analysis"** shall mean the comparison of the current assets and liabilities of the Debtor, in order to determine the Liquidation Value of the Debtor's Property.

24. **"Liquidation Value"** shall mean the value that, any item of the Debtor's Property could be expected to bring during Liquidation.

25. **"Order of Confirmation"** shall mean the Order of the Bankruptcy Court confirming this Plan according to the provisions of Chapter 11 of the Bankruptcy Code.

26. **"Person"** shall mean any individual, corporation, partnership, association, Joint Stock Company, trust, unincorporated organization, government or any political subdivision thereof, or other entity.

27. **"Petition Date"** shall mean August 19, 2009, the date on which debtor filed its voluntary petition and commenced the instant Chapter 11 proceeding.

28. **"Priority Claim"** shall mean any Allowed Claim, other than an Administrative Expense Claim or Priority Tax Claim, to the extent entitled to priority in payment under 11 U.S.C. Section 507(a).

29. **"Priority Creditor"** shall mean any Creditor that is the holder of a Priority Claim.

30. **"Priority Tax Claim"** shall mean any Allowed Claim of any Person who is entitled to a priority in payment under 11 U.S.C. Section 507(a)(8).

5

31. **"Property"** shall mean the property of the Estate, which shall be administered by the Debtor.

32. **"Pro Rata"** shall mean in the same proportion that a Claim or Interest in a given Class bears to the aggregate amount of all Claims (including disputed Claim until allowed or disallowed) or the aggregate number of all Interests in such Class.

33. **"Secured Claim"** shall mean a Claim, the holder of which is vested with a perfected, non voidable Lien on Property in which the Debtor has an interest, which Lien is valid, perfected, and enforceable under applicable law and not subject to avoidance under the Bankruptcy Code or other applicable non bankruptcy law, and is duly established in this case, to the extent of the value of such holder's interest in the Debtor's interest in such Property, as determined according to 11 U.S.C. Section 506.

34. **"Secured Creditor"** shall mean a Creditor who has a Secured Claim.

35. **"Substantial Consummation"** of this Plan shall mean any of the events provided for on 11 U.S.C. Sec. 1101(2).

36. **"Unsecured Claim"** shall mean a Claim, which is other than an Administrative Expense Claim, a Secured Claim or a Priority Claim (including a Priority Tax Claim or a Priority Wage Claim), including any Claim specified in 11 U.S.C. Sections 502(g), 502(h) or 502(I).

37. **"Unsecured Creditor"** shall mean a creditor that is a holder of an Allowed General Unsecured Claim.

38. **"Voluntary Petition"** shall mean the voluntary Petition for Relief filed by the Debtor on the Petition Date.

Pursuant to 11 U.S.C. §1129(a)(5) the sole stockholder of the DIP Marisol Gonzalez shall continue administrating the DIP with a monthly income of $3,000.00. Her husband who is not a stockholder Dr. Juan L. Caparros shall continue as medical director and offering his medical services with monthly income of $3,000.00.

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND DETERMINATION OF BEING OR NOT BEING IMPAIRED

2.1     Shall consist of Allowed Administrative Expense Priority Claims, as provided under §502 of the Code, including, but not limited to, fees to the United States Trustee, fees and expenses of the Debtor's counsel, special counsel, accountant and any other professional retained by the Debtor, as may be allowed by the Bankruptcy Court upon application, and after notice and hearing in accordance with the Bankruptcy Code and

6

Rules, any unpaid taxes or fees accrued since petition date and court costs accrued since the petition date.

2.2 CLASS 1 - Shall consist of the Secured Creditor Doral Mortgage This loan is current and impaired. One part of the loan is secured by first mortgages on three properties and with a distinct and separate loan secured with a second mortgage.

Lot & Building located at A.R. Barcelo St. Morell Ave. Utuado with an $110,000.00 first mortgage;

Lot located at Road #2 Km. #9.19 Bo. Puente, Camuy with a first mortgage of $225,000.00;

Lot & building located at #2 Betances St. Utuado with a first mortgage of $590,000.00.

By a lot & building located at #2 Betances St. Utuado with a second mortgage of $382,553.70:

These loans are guaranteed by these three properties the monthly payment is current and is impaired.

2.4 CLASS 2 - Shall consist of the Secured Creditor Internal Revenue Service secured by a lien on lot & building located at #2 Betances St. Utuado with a claim of $171,662.32. This lien is to be paid pursuant to 11 USC §1129(c)(9)(i)(ii)(iii) and is impaired.

2.5 CLASS 3 - Shall consist of the Secured Creditor Banco Bilbao Vizcaya Argentaria, secured by a 2005 Hyundai Brio automobile. This loan is current and is unimpaired.

2.6 CLASS 4 - DEPARTMENT OF THE TREASURY OF PUERTO RICO secured by a tax lien over real property located at Ave. Morell Esquina Antonio R. Barcelo, of Utuado, PR. This debt is unimpaired.

2.6     CLASS 5 - Shall consist of the Secured Creditor Reliable Financial secured by a 2004 Honda Odyssey automobile. This loan is current and is unimpaired

2.7     CLASS 6 - Shall consist of the Secured Creditor CRIM real property tax lien on the lot located a Road #2 Km. 19.9 Bo. Puente, Camuy, PR. This lien is to be paid pursuant to 11 USC §1129(c)(9)(i)(ii)(iii) and is impaired.

2.8     CLASS 7 - Shall consist of general unsecured claims over $5,000.00 which is impaired.

2.9     CLASS 8 – Shall consist of convenience general unsecured claims under $5,000.00 which are impaired.

**LEASES**

Shall consist of creditor Marisol Gonzalez in regards to a lease contract between them for the office of accounting records and is unimpaired

2.10    CLASS 9 - Shall consist of creditor Marisol Gonzalez in regards to a lease contract between them for the laboratory and office and is unimpaired.

2.11    CLASS 10 – Banco Popular de Puerto Rico regarding a lease of a 06 HP Printer current and is unimpaired

2.12    CLASS 11 – Popular Auto – Lease for laboratory equipment, current and is unimpaired.

2.13    CLASS 12 – Xerox Corporation for lease of a photocopy machine is current and is unimpaired.

## ARTICLE III
### TREATMENT OF CLAIMS NOT IMPAIRED UNDER THE PLAN

Classes 3, 4, 5, 10, 11 & 12 are unimpaired as defined in 11 USC §1124, since these creditors will receive cash equal to the allowed amount of their claims, as per their original

8

payment plans, be paid on or as of the effective date of the Plan, or shall receive payment as mandated by the Bankruptcy Code. These creditors are not entitled to vote.

Classes 1, 2, 6, 7 and 8 are impaired.

### *Administrative Expense Priority Claims*

Shall consist of Allowed Administrative Expense Priority Claims, as provided under §502 of the Code, including, but not limited to, fees to the United States Trustee, fees and expenses of the Debtor's counsel, accountant and any other professional retained by the Debtor, as may be allowed by the Bankruptcy Court upon application, and after notice and hearing in accordance with the Bankruptcy Code and Rules, any unpaid taxes or fees accrued since petition date and court costs accrued since the petition date.

### SECURED AND UNSECURED CLAIMS CLASSIFIED

CLASS 1 – Shall consist of Secured Creditor Doral Mortgage. This loan is current pre and post- petition on its monthly payments. The loan according to the loan documents has a 30 year amortization plan with an interest of 9.75%. A due date of five (5) years or February 9, 2012 was established requiring a balloon payment on the due date. Prior to the due date the petition for relief was filed. The debtor cannot make the due date balloon payment. It will make a payment to the principal by ceding or turning over two real estate property located in Camuy, PR, and the lot and building located at AR Barcelo Street, Corner of Morell Avenue, Utuado, P.R. It will continue to make monthly payments in the original terms and using the original terms will restructure the secured debt to be paid off with an extended timetable. In order to pay off the debt the debtor proposes the following:

1) Debtor shall sign over the title of the property with a value of $225,000.00 located at Road #2 Km.19.9 Bo. Puente, Camuy PR and the lot and building located at AR Barcelo Street, Corner of Morell Avenue, Utuado, P.R. with a value of

9

$110,000.00. This amount is to be applied to the principal of the secured debt. The mortgage of $202,500.00 will be cancelled.

1.A) The outstanding residual amount of $22,500.00 remaining will be applied to reducing the mortgage of $88,000.00 over the property located at Barcelo St. Corner of Morell Ave. to the amount of $65,500.00.

1B) The creditor received payments during the time of the case because they had allowed the debtor to believe that the amount owed of $380.715.23 was secured. Once the loan documents were received the debt was found to be unsecured, but 25 payments of $3,081.83 were made. The creditor received $77,045.75. Debtor has rescheduled the amount of $380,715.23 as an unsecured debt; the plan for the unsecured debts proposes to pay 15 cents on the dollar amount to be paid through the plan would have been of $57,107.28, which they already received. The remaining excess of excess payment of $19,938.47 will also be applied to the principal of the mortgage of $88,000.00 which will be further reduced to $45,561.53.

1C) This creditor has received and will continue to receive monthly payments over their security of $12,741.60 per month. The term of the extension of time after the application of the value of the signed over property is of 15 years and 9 months, the debt will be reduced to $1,227,466.78 and will be paid off with the contractual interest of 9.75%.

CLASS 2 - Shall consist of the Secured Creditor Internal Revenue Service. This creditor is secured by a lien over real property located at Betances St. #2, Utuado, P.R. and will receive 60 payments of $3,127.46, which include statutory interest over the debt. This creditor will receive regular installment payments; equal to the allowed amount of such claim; over a period of 5 years after the effective date of the plan.

CLASS 3 - Shall consist of the Secured Creditor Banco Bilbao Vizcaya Argentaria. This claim is secured by a lien over a 2005 Hyundai Brio which has been paid off during the term of the case.

CLASS 4 – Shall consist of the Puerto Rico Department of Treasury with a security over real estate property located at Morell Ave. corner of A.R. Barceló, Utuado P.R.in the amount of $279,687.04. This amount has been paid through the setting off of the income tax return principals and interest accumulated from previous years. The government put in effect an amnesty whereby the taxpayers would be allowed to pay off the tax debts. By paying the principal the remaining charges were cancelled. The Bankruptcy Court authorized the transaction and the P.R. Department of the Treasury has applied the amounts owed to the debtor thus cancelling the secured debt of the case.

CLASS 5 – Shall consist of the Secured Creditor Reliable Financial. This claim is secured by a lien over 2004 Honda Odyssey which has been paid off during the term of the case.

Class 6 - Shall consist of the real estate tax lien secured creditor CRIM. This creditor has certified to the debtor that there is no outstanding debt in that amount. Should there be any debt then they will receive full payment with the treatment required by the Bankruptcy Code at section §§§1129 (a) (9) (i) (ii) (iii). This claim will receive regular installment payments; equal to the allowed amount of such claim; over a period ending not later than 5 years after the date for the order for relief; in a manner not less favorable that the most favored nonpriority unsecured claim provided for by the plan.

CLASS 7 - Shall consist of general unsecured claims over $5,000.00. These creditors are to receive $0.15 or 15% of their claim which is itemized in the table included and shows the individual amounts to be paid to each and every one of them, they will receive payment commencing on the effective date of the plan through 84 months of the plan.

The unsecured claim of Doral Bank. The creditor received payments on this claim during the time of the case because they had allowed the debtor to believe that the amount owed of $380.715.23 was a secured debt. Once the loan documents were received the debt was found to be unsecured, but 25 payments of $3,081.83 had been made. The creditor during the time of this case received $77,045.75. Debtor has rescheduled the amount of $380,715.23 as an unsecured debt; the plan for the unsecured debts proposes to pay 15 cents on the dollar amount to be paid through the plan would have been of $57,107.28, which they already received. Doral Bank will not have voting rights in this plan since they have already received payment in full of the amount that they would receive after confirmation of the plan.

CLASS 8 – Shall consist of a general unsecured convenience claims under $5,000.00. These 28 creditors are to receive $0.15 or 15% of their claim which is itemized in the table included and shows the individual amounts to be paid to each and every one of them, they will receive a lump sum payment of the 15% of their debt on the effective date of the plan or 40 days after confirmation. The total amount to be distributed in this class is $8,751.32.

Any creditor of Class 7 who is willing to reduce his claim to $5,000.00 and votes under Class 8 shall receive the 15% payment on the effective date on the amount of $5,000.00, which would be $750.00.

CLASS 9 – Shall consist of creditor Marisol Gonzalez in regards to a lease contract between her and the DIP for the real estate property where the DIP has a laboratory and office facilities and a second the real estate property where the office of accounting records of the DIP is stored. Payments are current, will continue to be made every month, since this is a property of an insider, it does not have a vote on the plan.

CLASS 10 – Banco Popular de Puerto Rico has a lease over a 2006 HP Printer which has been paid off.

12

CLASS 11 – Popular Auto – Lease for laboratory equipment which has been paid off.

CLASS 12 – Xerox Corporation for lease of photocopy machine which has been paid off.

## ARTICLE IV
## TREATMENT OF CLASSES THAT ARE IMPAIRED UNDER THE PLAN

Unimpaired Classes are classes #3, 4, 5, 6, 9, 10, 11 & 12. Class 1, 2, 6, 7 & 8 are impaired.

As provided by 11 U.S.C. §1124, class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such a class, the Plan:

(1) leaves unaltered the legal, equitable and contractual rights to which such claim or interest entitles the holder of such claim or interest; or

(2) Not withstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default.

(A) cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 365(b)(2) of this title;

(B) reinstates the maturity of such claim or interest as such maturity exited before such default;

(C) compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

(D) does not otherwise alter the legal, equitable or contractual rights to which such claim or interest entitles the holder of such claim or interest.

## ARTICLE V
## PAYMENT TO PRIORITIES UNDER §507(a)(8) OF THE CODE

13

      7.1    All unsecured priority governmental claims pursuant to 507(a)(8) of the Code, as the same are allowed, approved and ordered to be paid by the Court, will receive on account of its allowed claim, deferred monthly payments over a period not exceeding five years after the date of the filing of the petition for relief as of the Effective Date of the Plan, equal to the allowed amount of such claim plus interest at the rate under non-bankruptcy law as of the month of the confirmation of the plan. Presently the IRS rate is at .4%, but will be paid 6% and the Treasury Department rate is at 10%. The principal plan provides for full payment at the effective date. The alternative plan provides for equal monthly payments with the statutory interest.

### ARTICLE VI
### MEANS FOR PLAN'S IMPLEMENTATION

It is CENTRO DIAGNOSTICO Y TRATAMIENTO DR. CAPARROS, INC.'S intention to enable payments to all its creditors through the Plan in excess of what would be paid in a Liquidation scenario. The Plan shall be funded by the following means:

1. Future earnings of the reorganized Centro Diagnostico y Tratamiento Dr. Caparros Inc., over the next four years for the priority claims, secured creditors will be paid in monthly payments until paid in full, some will paid off in a shorter time span than others whose guarantees will continue after the plan is confirmed and general unsecured claims will be paid within 84 months.

2. Payments will come from the proceeds of the business and the accounts receivable. The debtor will make monthly payments pursuant to the tables that are joined to the Plan. For a complete and detailed disclosure of the sources of income and proposed distribution, please review the included text drafted by the court approved Certified Public Accountant Mr. Ramon Velez which is titled:

CDT DR. CAPARROS, INC. NOTES TO FORECASTED STATEMENTS OF BUSINESS PROJECTIONS AND CASH FLOWS FOR THE YEARS THEN ENDING MARCH 31, 2011 THROUGH 2015 (including significant assumptions used)

The proposed plan contemplates to distribute among creditors available value of assets and simultaneously to provide for the proper administration and maximization of value of the assets of the estate. In this particular case the selling of debtor's assets at full value would provide a liquidation value of 59% for the priority claims and 0.00% to General Unsecured Creditors. The plan proposes to pay the General Unsecured Creditors 15%. The debtor will make monthly payments pursuant to the tables that are joined to the Plan.

In **Exhibit C** Projected Cash Flow Statements are presented which shows how Centro Diagnostico y Tratamiento Dr. Caparros, Inc., expects the cash to be generated and for payments to all classes of creditors. While it cannot be foretold with absolute certainty that the cash flow projections will happen as presented, Centro Diagnostico y Tratamiento Dr. Caparros, Inc. has no reason to believe the contrary.

Besides all the above stated means of generating the income necessary to pay the plan, the debtor has for sale the 2003 BMW model 745LI should a sale be successful the proceeds will be used to reduce the unsecured debts. The DIP had for sale the lot of land located at road #2 Km 19.9 Bo. Puente, Camuy, PR. Since the lot was not sold it will be turned over to Doral Bank. Likewise with the lot and building located at Barcelo Street, Corner of Morell Avenue in Utuado, with a value of $110,000.00. The excess value of these properties plus the excess unsecured payments that were made of $19,938.00 will be applied to the debt of Doral Bank reducing the principal owed to Doral Bank.

The DIP has made an effort to reduce the cost of the Professional Services by using the services of Dr. Juan L. Caparros.

Centro Diagnostico y Tratamiento Dr. Caparros Inc., believes that the Plan

15

payments proposed herein (copy of the summary of Plan payments is included herein as **Exhibit B** will suffice for a confirmable plan.

The plan will be effective 30 days after the ORDER of confirmation is final and unappeable.

## ARTICLE VII
## PROVISIONS FOR THE MODIFICATION OF THE PLAN

The Debtor may propose amendments or modifications of the Plan at any time prior to its confirmation, upon notice to creditors and parties in interest, pursuant to the provisions of Section 1127 of the Bankruptcy Code. After confirmation of the Plan, the Debtor may, with the approval of the Court and as long as it does not adversely affect the interest of the creditors, remedy any defect or omission, in such manners as may be necessary to carry out the purposes and effects of the same.

## ARTICLE VIII
## CLOSING OF THE CASE

At such time as the case has been substantially consummated, this case shall be closed. In order for the case to be closed, the Debtor shall file an application for final decree showing that the case has been fully administered and the Plan has been substantially consummated. Upon application thereon and after notice to all creditors and parties in interest, the Court can enter an order approving the Debtor's report and close the case. Should the Court deem it necessary it shall conduct a hearing.

## ARTICLE IX
## RELEASE AND DISCHARGE OF CLAIMS

16.1 **Discharge**. Except as otherwise expressly provided in §1141 of the Code or the Plan, the distribution made pursuant to and in accordance with the applicable terms and conditions of the Plan are in full and final satisfaction, settlement, release and discharge as against the Debtor of any debt of the Debtor that arose before the Effective Date, and any

16

debt of the Debtor of a kind specified in Section 502(g), 502 (h), or 502(i) of the Code, and all claims against the Debtor or its Estate of any nature, including, without limitation, any interest accrued thereon from and after the Petition Date, whether or not (i) a proof of claim based on such debt, obligation or equity interest is filed or deemed filed under Section 501 of the Code, (ii) such Claim is Allowed under Section 502 of the Code, or (iii) the holder of Such Claim has accepted the Plan.

16.2 **Injunction Relating to the Plan**. As of the Effective Date, all Persons are hereby permanently enjoined from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the Debtor and/or its Estate, on account of, or requesting any Claims, debts, rights, Causes of Action or liabilities discharged pursuant to the Plan, except to the extent expressly permitted under the Plan.

16.3 **Setoffs**. Except as otherwise provided in this Plan, nothing contained in this Plan shall constitute a waiver or release by the Estate of any rights of setoff the Estate may have against any Person.

## ARTICLE X
## OTHER PROVISIONS

Confirmation of the Plan and the Order of confirmation will vest title of all property of the Estate in Debtor and will constitute final settlement of payments to all creditors.

All injunctions or stays provided for in the Bankruptcy case at bar under 11 U.S.C. §105 or §362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

All claims against Debtor whatever nature, including any claim arising from the rejection of any executory contract, or the provisions of this Plan shall bind any other action. Any holder of a claim or interest who fails to file an Objection in writing to the

17

provisions of the Plan, which is filed with the Court and served upon counsel for the Debtor, not later than the date set for the confirmation of the Plan, shall be deemed to have accepted its classification and to be bound by the proposed Plan.

All actions taken by the Debtor with respect to any person shall not be construed to release, waive, discharge, compromise or in any other way satisfy any claim, except those subject to any agreement between the parties.

Upon completion of the requirements of the Plan and the Order of confirmation, the Debtor and/or claimant shall execute all corresponding documents and cooperate fully to reflect, release and/or reaffirm all the obligations herein provided.

To the extent that any term of this Disclosure Statement varies from the terms of the Plan, the terms of the Plan shall govern.

## ARTICLE XI
## THE EMERGING DEBTOR

Centro Diagnostico y Tratamiento Dr. Caparros Inc., will continue its operations. By continuing operations the Debtor in Possession will be able to maintain the existing employees on a yearly basis.

## ARTICLE XII
## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction over this case as is conferred upon it by law, rule or statute, or by the Plan, to enable the Debtor to substantially consummate any and all proceedings which it may bring before or after the entry of the order of confirmation, in order to carry out the provisions of the Plan. The Court will retain jurisdiction in order to hear and resolve any and all objections to the proof of claims. The claims so objected will not receive any payments on the objected part of the claim until the Court determines whether or not the claim will be denied, modified or sustained as filed.

## ARTICLE XIII
## CONCLUSION

Your receipt of this Disclosure Statement does not mean that the Court has approved this Statement as containing adequate information to enable you to make an informed choice. The Court's approval of the Disclosure Statement does not constitute a recommendation by the Court either for or against the plan, nor a guarantee of the accuracy or completeness of the information contained in this Disclosure Statement.

DEBTOR'S MANAGEMENT BELIEVES THAT THE PLAN IS IN THE BEST INTEREST OF THE CREDITORS, AND RECOMMENDS THAT YOU VOTE TO ACCEPT THE PLAN. YOUR VOTE IS IMPORTANT. PLEASE VOTE PROMPTLY.

In San Juan, Puerto Rico, this 28 day of March, 2012.

_____

**S/ Marisol González, President**
Centro Diagnostico y Tratamiento Dr. Caparros Inc.


   _____
   **S/FRANCISCO R. MOYA HUFF, ESQ.**
   USDC #130111
   **Counsel for Debtor**
   City Towers, Suite 404
   250 Ponce De Leon Avenue
   San Juan, Puerto Rico 00918
   Tel. (787) 723 0714; Fax. (787) 725-3685
   Email: moyahuff55@prtc.net

19

# CENTRO DIAGNOSTICO Y TRATAMIENTO DR. CAPARROS INC.
## PLAN OF REORGANIZATION
## TABLE OF EXHIBITS

**EXHIBITS**

| | |
|---|---|
| Liquidation Analysis | A |
| Summary of Tables of Schedules | B |
| Notes to Forecasted Statements of Business Projections And Cash Flow for the Years Ending March 31, 2011 through 2015 | C |