IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 09-06817(BKT) |
| | * | |
| CENTRO DIAGNOSTICO Y TRATAMIENTO | * | |
| DR. CAPARROS, INC. | * | CHAPTER 11 |
| | * | |
| Debtor | * | |

**************************************************

## MOTION CHANGING TREATMENT TO DORAL BANK PURSUANT TO 11 USC §1127(a) AND SUPPLEMENT OF THE AMENDED CHAPTER 11 PLAN OF MARCH 28, 2012

TO THE HONORABLE COURT:

Comes now, Debtor, Centro Diagnóstico y Tratatmiento Dr. Caparros, Inc., through the undersigned attorney who respectfully states and prays as follows:

1. The Amended Chapter 11 Plan dated March 28, 2012, has two (2) distinct claims made by Doral Bank. One is a secured claim over real estate, inventory and equipment and the second claim is an unsecured debt. All the information regarding the guarantees and the identification of the real estate properties, inventory and equipment are the same at this time as they were since the filing of the petition for relief, the amended Disclosure Statement that was approved and the Second Amended Chapter 11 Plan. The debtor has received from Doral Bank two (2) objecting ballots; one over the secured claim and one over the unsecured claim. The debtor tried unsuccessfully to reach an agreement with Doral Bank. Due to the above stated facts and that pursuant to the Code at §1127, the proponent may modify the plan at any time and the holder of the claim is deemed to have accepted or rejected such plan as modified. The pertinent section of law is cited.

### §1127 Modification of plan

(a) The proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan.

(d) Any holder of a claim or interest that has accepted or rejected a plan is deemed to have accepted or rejected, as the case may be, such plan as modified,

unless, within the time fixed by the court, such holder changes such holder's previous acceptance or rejection.

2. CLASS 1 – Shall consist of Secured Creditor Doral Mortgage. This loan is current pre and post- petition on its monthly payments. The loan according to the loan documents has a 30 year amortization plan with an interest of 9.75%. A due date of five (5) years or February 9, 2012 was established requiring a balloon payment on the due date. Prior to the due date the petition for relief was filed. The debtor was not able make the due date balloon payment on February 9th, 2012.

First part of the treatment of the Doral Bank Secured Debt

3. Debtor has and will continue to make the monthly payment of $12,741.60 per month to the bank, it is current at this time. This monthly payment will continue until the balance of the secured debt is paid off in full. This creditor has received and will continue to receive monthly payments over their security of $12,741.60 per month. The term of the extension of time after the application of the value of the signed over property is of approximately 15 years and 9 months and will be paid off with the contractual interest of 9.75%.

Second part of the treatment of the Doral Bank Secured Debt

4. In order to continue to reduce the principal of the debt, Debtor will be ceding or turning over to Doral Bank the title of two real estate properties, one located in Camuy, PR, and the second one a lot and building located at AR Barcelo Street, Corner of Morell Avenue, Utuado, P.R. These mortgages are part of the totality of the security provided to Doral Bank. These mortgages are current and

2

not in arrears since the Debtor has been paying the monthly installment payments which have principal and interest computed in them. In order to partially pay off the debt the debtor proposes:

5. The values assigned to these properties were given by the creditor when the financing was given, the value is the same that has been declared by the debtor that these properties have since the case was filed, the creditor has inspected some of the properties and have not at any time objected the value declared in the Schedules, the various Disclosure Statements, the various Chapter 11 Plans that have been filed or, the Liquidation Analysis.

6. Debtor shall sign over the title of the property with a value of $225,000.00 located at Road #2 Km.19.9 Bo. Puente, Camuy PR. This property has a lien or mortgage of $202,500.00. The mortgage of $202,500.00 will be cancelled upon delivery of the title of the property by the creditor. The property over the value of the mortgage has equity of $22,500.00 which is to be applied to the principal of the debt. So the debtor will reduce by $225,000.00 the outstanding principal of the secured debt.

7. The lot and building located at AR Barceló Street, Corner of Morell Avenue, Utuado, P.R. has a value of $110,000.00. This property has a lien or mortgage of $88,000.00. The mortgage of $88,000.00 will be cancelled upon delivery of the title of the property by the creditor. The property over the value of the mortgage has equity of $22,000.00 which is to be applied to the principal of the debt. So the debtor will reduce by an additional amount of $110,000.00 the outstanding

3

principal of the secured debt.

9. These two title transfers will reduce the principal secured debt by $335,500.00.

Third part of the treatment of the Doral Bank Secured Debt

10. The creditor received a second set of monthly payments of $3,081.83 during the time of the case until September 2011. Doral orally informed the debtor that the second amount owed of $380,715.23 was secured and payments on the amount had to be made . Once the loan documents were received the debt was found to be an unsecured debt, but by that time on September 2011, payments of $3,081.83 had been disbursed. The creditor received a total amount of $77,045.75. Debtor has rescheduled the claimed amount of $380,715.23 as an unsecured debt; the plan proposes to pay 15 cents on the dollar for the unsecured debts . The amount which they already received that should have beeen paid through the plan would have been of $57,107.28. Since the remaining excess of excess payment of $19,938.47 wouldl also be applied to the principal of the secured debt. In the alternative,

11. On October 3, 2012, the debtor filed an "Application for Leave to Retain Special Counsel", docket #357. This application was filed in order to file an Adversary Proceeding requesting the disgorgement of funds pursuant to 11 USC §105 and §549. The special counsel will require from Doral Bank to return to the estate all amounts paid to it during the case up to and including September 2011 which were payments made on the unsecured claim and that the creditor had alleged that they were secured until they provided a copy of the documentation.

4

12. The change in the treatment of this creditor as a secured creditor has been more clearly defined but using the same treatment that had been described in the amended chapter 11 plan for Class 1. The real change has to do with the determination to file an adversary proceeding for the disgorgement of funds. Even though they already have been paid with the $0.15 that the plan proposed to pay the unsecured creditors and they have been paid additional unsecured amounts which would be discriminatory and an undo advantage for Doral Bank. In view of the fact tht the debtor can not provide additional percentage payments in order to make equivalent the disbursements to be made between unsecured creditors in general Doral Bank has to return to the estate the unsecured amounts and received the disbursement of $0.15 as any other general unsecured creditor.

THEREFORE, it is respectfully requested from this Honorable Court that:

(1) Allow the change of the treatment of the unsecured claim of Doral Bank to make it equivalent and non-discriminatory between unsecured creditors.

(2) Since they have voted against the plan pursuant to 1127 (d) they still object to the plan.

(3) (3) Allow the cramdown over the dissenting creditor.

(4) (4) Any other determination that may be just and equitable.

RESPECTFULLY SUBMITTED.

### NOTICE TO OBJECT

Any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office of the Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATION

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following the Offices of the US Trustee, Monsita Lecaroz Arribas –ustpregion21.hr.ecf@usdoj.gov. and to the following creditors: **NAYELI DIAZ FEBLES** quiebras@doralbank.com **CARLOS E PEREZ PASTRANA** cperezp@reliablefinancial.com; **OSVALDO TOLEDO MARTINEZ,** otoledo@prtc.net; **ANGEL M. VAZQUEZ BAUZA,** avazquez@enrassociates.com; **MIGDA LIZ RODRIGUEZ COLLAZO,** bankruptcyjusticia.gobierno.pr@gmail.com; **EDGAR A. VEGA RIVERA,** edvega@bppr.com, Sergio Ramirez de Arrellano, sramirez@sarlaw.com. and **LUIS MARINI**, Luis.Marini@oneillborges.com.

In San Juan, Puerto Rico, this 24 day of October, 2012.

**S/ FRANCISCO R. MOYA HUFF, ESQ.**
USDC #130111
City Bank Towers, Suite 404
250 Ponce De Leon Avenue
San Juan, PR 00918
Tel: (787) 723-0714; (787) 724-2447
Fax: (787) 725-3685
moyahuff55@prtc.net

6